NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

MAR 22 2018

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| AHMED MASOOD; SHAMSUDA BEGUM, <br><br> Petitioners, <br><br> v. <br><br> JEFFERSON B. SESSIONS III, Attorney General, <br><br> Respondent. | No.  12-73397 <br><br> Agency Nos. A071-583-668, <br> A071-583-669 <br><br> MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted March 13, 2018[**]

Before:    LEAVY, M. SMITH, and CHRISTEN, Circuit Judges.

Ahmed Masood and Shamsuda Begum, natives and citizens of Bangladesh,

petition for review of the Board of Immigration Appeals' ("BIA") order denying

their motion to reopen removal proceedings.  Our jurisdiction is governed by

8 U.S.C. § 1252.  We review for an abuse of discretion the denial of a motion to

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  See Fed. R. App. P. 34(a)(2).

reopen. *Najmabadi v. Holder*, 597 F.3d 983, 986 (9th Cir. 2010). We deny in part and dismiss in part the petition for review.

The BIA did not abuse its discretion in denying petitioners' third untimely motion to reopen where petitioners failed to present evidence of materially changed country conditions in Bangladesh to qualify for the regulatory exception to the filing deadline. *See* 8 C.F.R. § 1003.2(c)(2)-(3); *Najmabadi*, 597 F.3d at 987 (in order for evidence to be material, it must be qualitatively different from the evidence presented at the previous hearing. We reject petitioners' contention that the BIA failed to give adequate reasoning for its decision.

We lack jurisdiction to consider petitioners' contention regarding their membership in a disfavored group because they failed to raise it to the BIA. *See Barron v. Ashcroft*, 358 F.3d 674, 676-78 (9th Cir. 2004) (exhaustion is mandatory and jurisdictional).

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**